1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON ALEXANDER FAVOR,              No.  1:17-cv-01429-DAD-SKO (PC)

12                    Plaintiff,

13          v.                            ORDER ADOPTING FINDINGS AND
                                          RECOMMENDATIONS AND DENYING
14   MINAJ, et al.,                       PLAINTIFF'S REQUEST TO PROCEED *IN
                                          FORMA PAUPERIS*
15                    Defendants.
                                          (Doc. Nos. 2, 5)
16

17          Plaintiff, Brandon Alexander Favor, is a state prisoner proceeding *pro se* in this civil

18   rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

19   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On November 7, 2017, the assigned magistrate judge issued findings and

21   recommendations recommending that plaintiff's motion to proceed *in forma pauperis* in this

22   action be denied, finding that plaintiff was barred from proceedings as such under 28 U.S.C.

23   §1915(g) because he had suffered at least three prior strike dismissals before the filing of this

24   action and that his allegations failed to show that he was in imminent danger of serious physical

25   injury at the time he filed suit.  (Doc. No. 5.)  The findings and recommendations were served on

26   plaintiff and contained notice that any objections thereto were due within twenty-one days.  (*Id.*)

27   Plaintiff filed timely objections.  (Doc. No. 8.)

28   /////

                                                1

As was accurately stated in the findings and recommendations, prisoners may not bring a civil action under 28 U.S.C. §1915(g) if they have, on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Such dismissals are colloquially referred to as "strikes." Also accurately noted in the findings and recommendations, plaintiff had suffered at least three strike dismissals under section 1915(g) prior to filing this action.[1] Thus, plaintiff may only proceed under section 1915(g) if his allegations meet the exception for imminent danger of serious physical injury. The Ninth Circuit has stated that "requiring a prisoner to 'allege [ ] an ongoing danger' . . . is the most sensible way to interpret the imminency requirement." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). The court in *Andrews* held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing. *See id.* at 1053.

Although the allegations of plaintiff's complaint are largely difficult to decipher, he appears to be alleging that Nicki Minaj, Lil Wayne, and the record label Cash Money Record Company have harmed him. The type of harm plaintiff is alleging is indiscernible, but none of plaintiff's allegations show that he was under imminent danger of a serious physical injury at the time he filed this action. In his objections, which like the complaint are largely unintelligible, plaintiff appears to contend that he filed this action to prevent illegal acts by defendant Minaj against Maxine Anderson. Plaintiff neither argues nor cites authority to show that any of his allegations meet the imminent danger requirement or that he is otherwise entitled to be granted *in forma pauperis* status in this action, and the court finds none.

/////

---

[1] *See Favor v. Rome, et al.*, 1:15-cv-01865-LJO-EPG (E.D. Cal.) (dismissed on November 22, 2016 for failure to state a claim); *Favor-El v. United States of America, et al.*, 2:15-cv-01448-GEB-AC (E.D. Cal.) (dismissed on October 22, 2015 as frivolous); and *Favor-El v. Rihanna, et al.*, 2:15-cv-09502-JGB-JEM (C.D. Cal.) (dismissed on December 16, 2015 as frivolous, malicious, and for failure to state a claim).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued November 7, 2017 (Doc. 5) are adopted in full;

2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied;

3. Within twenty-one days from the date of service of this order, plaintiff shall pay in full the required $400.00 filing fee for this action; and

4. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  __**January 29, 2018**__          _____
                                         UNITED STATES DISTRICT JUDGE